## SOUTHERN ROAD CO. v. CITY OF RAYMONDVILLE. (No. 8221.)

Court of Civil Appeals of Texas. San Antonio. Jan. 15, 1930.

Rehearing Denied Feb. 12, 1930.

A. B. Crane, of Raymondville, and King, Battaile & Dutton, of Houston, for plaintiff in error.

Seabury, George & Taylor, of Brownsville, for defendant in error.

SMITH, J. The Southern Road Company brought this action against the city of Raymondville to recover a balance alleged to be due the former upon a contract under which it constructed a sewer system for the city. The parties plaintiff and defendant in error will be herein referred to, as in the trial court, as plaintiff and defendant, respectively. Plaintiff alleged that the balance due it under said contract amounted to the sum of $10,888.18, while defendant contended that such balance amounted to only $3,081.63, which it tendered, and for which the trial court, in the absence of a jury, rendered judgment for the plaintiff, who has prosecuted writ of error.

The controversy arises out of the contention of the city that the contractor did not construct the sewer system in accordance with the requirement of the written contract therefor, and that the city was therefore obliged to repair the resulting defects in the work at an expense with which it sought to offset the contractor's claim for the balance due it un-

der the contract. The contractor met this contention with the claim that all deviations from the written specifications were made with the consent and agreement of the city engineer, alleged to have been clothed, by express provisions in the contract, with final power and authority in such matters, and whose acceptance of the work was binding upon the city. To this claim the city replied that in directing or accepting the deviations complained of the city engineer acted beyond his authority, and fraudulently, and that in so acting he had no power to excuse the contractor from compliance with the contract and the plans and specifications thereunder. The trial court found with the city upon these contentions, and allowed the city the several offsets specifically pleaded by it.

The trial judge specifically found facts establishing the several offsets pleaded by the city against the balance claimed by the contractor under the contract. He specifically found that in the several particulars alleged by the city the contractor had deviated from the requirements of the contract and specifications, and that these deviations necessitated the repairs and replacements made by the city, at costs necessarily and properly expended by the city.

■ The city attached to its answer a number of exhibits, purporting to show in detail, as well as in a summary, the figures or items going to make up the offsets urged against the plaintiff's claimed balance. The exhibit purporting to summarize the offsets did not tally with the detailed statements of the items, but showed the balance due the plaintiff to be larger than the aggregate of those items as set out in detail, and larger than that allowed the plaintiff in the judgment. In such case the aggregate of the items set out in detail will control over the summary. In other words, the summary will not be taken as a conclusive admission by the city, in the face of the facts shown in detail in the pleading and exhibits. Plaintiff's first and second propositions are accordingly overruled.

■ The allegation in the city's answer, that because of defective construction of parts of the sewer line it became necessary for the city to repair or replace said construction at the costs specified in said pleading, amounted, at least in the absence of exceptions, to an allegation that such expenses were reasonable in amount, and necessarily incurred. Plaintiff's contentions to the contrary are therefore overruled.

■ It is also contended by plaintiff that the evidence failed to show that the expenses incurred by the city in repairing defective construction in the sewer lines were reasonable and necessary in order to bring the standard of construction up to that required in the contract. We have carefully reviewed the evidence, and conclude that it was sufficient to support the trial judge's findings in this respect, and those findings are therefore binding upon this court. We overrule plaintiff's propositions 3, 3c, 8, 9, and 10, relating to this question.

■ Plaintiff contends that the changes made in the specifications, and resulting in the defects in construction complained of by the city, were made with the acquiescence and under the direction of the city engineer, thereunto authorized by the provisions of the contract between the parties. We overrule this contention. As the trial court found, the city engineer fraudulently consented to the changes, and the contractor will not be permitted to take advantage of that fraud for the purpose of avoiding compliance with its contract. The engineer had no authority to waive the right of the city to exact of the contractor a substantial compliance with the contract, or to consent to such material changes in specifications as would result in substantially defective construction, at least where such consent was not bona fide and amounted to a fraud upon one of the parties, as found by the trial judge. If the acts of the engineer were fraudulent, and were adopted by the contractor, the latter acquiesced in those acts, if it did not actually connive at them, and it cannot now set them up as a defense to the demand for redress by the innocent and injured party to the contract thus breached. We overrule plaintiff's propositions 3a, 4, 5, and 6.

Plaintiff's remaining propositions complain of the insufficiency of pleadings and evidence to support the judgment, and they will be overruled, as being without substantial merit.

The judgment is affirmed.